3 F.3d 1577
 303 U.S.App.D.C. 293
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Karl Jerome ALEXANDER, Appellant.
 Nos. 92-3077, 93-3029.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 30, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 10, 1994.
 
 Before: WALD, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction under 21 U.S.C. Sec. 860(a) be affirmed. Appellant was seen by police walking through an area known to be a high trafficking area for drugs. He admitted that he recognized the plainclothes officers as police, and the officers saw him drop a package which contained crack. Moreover, a government expert witness testified that the amount (6.8 grams, worth $920) and form (one solid piece) of the drug were sufficient to suggest that it was intended for distribution. The expert witness also stated that it was common for dealers to carry one big rock and break off pieces to sell for $20 each, and appellant's girlfriend testified that appellant gave her $20 shortly before he was arrested. Therefore, appellant has failed to meet the demanding standard for overturning a guilty verdict on grounds of insufficiency of the evidence. See United States v. Lam Kwong-Wah, 924 F.2d 298, 302 (D.C.Cir.1991). Also, appellant did not show that his attorney's performance was deficient and prejudicial, as required under Strickland v. Washington, 466 U.S. 668 (1984). Counsel made a strategic decision to formulate his defense in a way which would not lead to a conviction on the lesser charge of possession. Furthermore, counsel's decision to call a particular witness "is a tactical decision and, thus, a matter of discretion for trial counsel." United States v. Glick, 710 F.2d 639, 644 (10th Cir.1983). Finally, the district court's jury instructions were not plainly erroneous and therefore no reversal of the verdict is warranted. See United States v. Boney, 977 F.2d 624, 631 (D.C.Cir.1992) (appellant must demonstrate that an instruction affected his substantial rights and resulted in a substantial miscarriage of justice).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.